*FILED*

Evan Dwin (Cal. Bar No. 241027)
edwin@dwinlegal.com
**DWIN LEGAL**
2173 Salk Avenue, Suite 250
Carlsbad, CA 92008
Telephone: (858) 480-9785
Facsimile: (760) 579-7642

2014 AUG 12  PM 3: 54

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

Counsel for plaintiff PETER PARIS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

PETER PARIS, an individual,

      Plaintiff,

    vs.

EYESHAKA, LLC, a California limited
liability company; PALAK BHATKA, an
individual; JUSTIN NOVAK, an
individual; and CUSHMAN GILLEN, an
individual,

      Defendants.

CASE NO. CV14-06332 - R(JCx)

**COMPLAINT FOR:**

1) **TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**
2) **UNFAIR COMPETITION UNDER 15 U.S.C. § 1125**
3) **COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 106.**
4) **ATTORNEY MALPRATICE**
5) **BREACH OF FIDUCIARY DUTY**
6) **TRADEMARK INFRINGEMENT UNDER CAL. BUS. & PROF. CODE § 14245**
7) **COMMON LAW TRADEMARK INFRINGEMENT**
8) **UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200**
9) **DECLARATORY JUDGMENT**

**JURY TRIAL DEMANDED**

Plaintiff Peter Paris alleges as follows:

## NATURE OF ACTION

1.    This is an action for federal trademark infringement, federal unfair

1

**COMPLAINT**

1  competition, federal false designation of goods, copyright infringement, state and

2  common law trademark infringement, state law unfair competition, attorney

3  malpractice, breach of fiduciary duty and declaratory judgment.

**JURISDICTION AND VENUE**

5  2.   The claims set forth herein arise under the Lanham Act, including 15

6  U.S.C. sections 1114 and 1125 for trademark infringement and unfair competition,

7  under the Copyright Act, 17 U.S.C section 101 *et seq.*, under the Declaratory

8  Judgment Act, 28 U.S.C. section 2201 and under California law as set forth more fully

9  below.

10  3.   This Court has jurisdiction over the subject matter of this Complaint

11  under 15 U.S.C. section 1121, 28 U.S.C. section 1331 and 28 U.S.C. section 1367(a).

12  4.   Venue is proper in this District pursuant to 28 U.S.C. section 1391(b)

13  because all Defendants reside in this District and a substantial part of the events or

14  omissions giving rise to the claims occurred in this District.

**THE PARTIES**

16  5.   Plaintiff is an individual residing in Santa Monica, CA, which is within

17  this District.

18  6.   Defendant Eyeshaka, LLC ("Eyeshaka") is a California limited liability

19  company with its principal place of business in Los Angeles County and within this

20  District.

21  7.   Defendant Palak Bhatka ("Bhatka") is an individual residing in Los

22  Angeles County and within this District.  Bhatka is an attorney licensed to practice in

23  the State of California with State Bar No. 259427.

24  8.   Defendant Justin Novak is an individual residing in Los Angeles County

25  and within this District.

26  9.   Plaintiff is informed and believes that defendant Cushman Gillen is an

27  individual residing in Los Angeles County and within this District.

28  10.   Plaintiff is informed and believes, and on that basis alleges, that

2

**COMPLAINT**

1  Eyeshaka is the alter-ego of one or all of the individual Defendants and that one or all

2  of the individual Defendants have used Eyeshaka as a mere shell, instrumentality,

3  and/or conduit from which one or all of the individual Defendants carried on their

4  business such that Eyeshaka did not and does not exist as a separate entity. Plaintiff is

5  further informed and believes, and on that basis alleges, that there is a unity of interest

6  between one or all of the individual Defendants and Eyeshaka, and that it would

7  sanction a fraud and/or promote injustice to permit the individual Defendants to assert

8  that Eyeshaka is a separate entity.

9  **GENERAL ALLEGATIONS**

10  **PLAINTIFF CREATES THE "I Y" DESIGN AND BEGINS USING IT IN**

11  **COMMERCE**

12      11.   Plaintiff is a surfing instructor who uses the business name "Go Surf

13  LA." Plaintiff sells surfing lessons, stand-up paddle surf lessons and "Rockashaka"

14  brand surf-related apparel.

15      12.   Plaintiff is the author and creator of the "I Y" Design. The "I Y" Design

16  is a depiction of the "shaka" hand gesture preceded by the letter "I," then followed by

17  another word , such as "I Y LA" (*i.e.*, "I [shaka] Los Angeles"). In Hawaiian, the

18  "shaka" means to "hang loose," "to chill" or to "be laid back." The hand in a "shaka"

19  has the middle three fingers curled towards the palm with the thumb and pinky finger

20  extended. As used herein the term "Y" shall mean the "shaka." For example, "I Y

21  LA" means the letter "I" then a depiction of a "shaka" hand gesture, then the letters

22  "LA."

23      13.   Beginning in January 2009, Plaintiff began using "I Y" in commerce.

24      14.   Plaintiff's uses of "I Y" in commerce, include, but are not limited to,

25  using "I Y LA" on business cards and brochures for his surf school, placing "I Y LA"

26  on stickers provided to surf students, using "I Y LA" as his business profile picture on

27  his Rockashaka Facebook page, using "I Y LA" as the masthead on his various

28  websites, and featuring "I Y LA" on t-shirts, sweatshirts and tank tops, which he has

1  sold and continues to sell his websites, to retailers, at trade shows and swap meets and

2  at a boardwalk kiosk on the Third Street Promenade in Santa Monica, California.

3  Plaintiff also uses the "Y" design on clothing in combination with other symbols, such

4  as symbols resembling Chinese letters.

5  **PLAINTIFF REGISTERS AS A TRADEMARK AND COPYRIGHT THE "I Y**

6  **LA" DESIGN AND RELATED DESIGNS**

7      15.   Plaintiff registered the trademark "I Y LA" with the California Secretary

8  of State on June 16, 2009 and timely renewed it on January 14, 2014.  The "I Y LA"

9  mark has a Trademark Registration number of 113738 and a renewal number of

10  20061.  A true and correct copy of the "I Y LA" California trademark registration and

11  most recent certificate of renewal is attached hereto as Exhibit A.

12      16.   Plaintiff also registered the "I Y LA" mark with the United States Patent

13  and Trademark Office as a service mark.  The "I Y LA" mark was registered with the

14  USPTO on December 29, 2009 with registration number 3730902.  A true and correct

15  copy of the federally registered "I Y LA" mark is attached hereto as Exhibit B.

16      17.   On April 20, 2009, Plaintiff registered copyrights for several "I Y"

17  Designs with the United States Copyright Office.  These copyrights include

18  copyrights on "I Y LA" and "I Y OC" (VAu 986-472) and a grid featuring 13

19  variations of the I Y Design (VAu 986-518).  True and correct copies of Plaintiff's

20  copyright registrations and the deposits of the accompanying artwork are attached

21  hereto, respectively, as Exhibits C and D.

22  **BHATKA PROVIDES PLAINTIFF WITH LEGAL ADVICE RELATED TO**

23  **PLAINTIFF'S INTELLECTUAL PROPERTY AND TRIES TO PURCHASE**

24  **AN ASSIGNMENT FROM PLAINTIFF**

25      18.   In approximately July 2012, Plaintiff discovered that a clothing line was

26  using the "Rockashaka" name and that another surf school was using the "I Y"

27  Design.  Novak suggested to Plaintiff that Novak contact Bhatka on Plaintiff's behalf

28  for the purpose of obtaining legal advice for Plaintiff regarding the issues related to

4

**COMPLAINT**

1   Plaintiff's intellectual property.  Plaintiff agreed and Novak contacted Bhatka on
2   Plaintiff's behalf regarding Plaintiff's intellectual property.
3        19.    In an e-mail dated July 25, 2012, Bhatka provided legal advice to
4   Plaintiff regarding his intellectual property rights and his confidential plans to expand
5   his business to include using "I Y" in combination with abbreviations for cities in
6   addition to Los Angeles.  The advice included opinions as to whether Plaintiff had a
7   strong case against the potential infringers, advice about registration in connection
8   with Plaintiff's expansion plans, and a proposed strategy for sending cease and desist
9   letters.
10       20.    After Bhatka provided Plaintiff with legal advice, in the fall of 2012,
11  Novak, Bhatka and Gillen approached Plaintiff about forming a company with
12  Plaintiff in which Plaintiff would assign his trademark in "I Y LA" and all variations
13  thereof, as well the copyrights, to the new company, which would be jointly owned by
14  Plaintiff, Bhatka, Novak and Gillen.
15       21.    While Bhatka avoided written communications with Plaintiff, Plaintiff
16  sometimes spoke directly with Bhatka.  At one of these meetings, Plaintiff again
17  discussed with Bhatka Plaintiff's plan to expand the business and use the "I Y"
18  Design in combination with other letters and symbols, such as additional
19  abbreviations for cities.  Plantiff made these disclosures in confidence, and in reliance
20  on Bhatka's duties as an attorney.  As part of the discussion, Bhatka orally advised
21  Plaintiff that others would be infringing Plaintiff's mark if they used any
22  "alphanumeric combination involving 'I Y'."  Plaintiff understood this advice to mean
23  that his then existing trademark and copyright rights protected him against any person
24  using the "I Y" Design with any alphanumeric combination.  Plaintiff is informed and
25  believes that Bhatka had reviewed Plaintiff's registrations prior to offering this advice.
26       22.    In October 2012, Novak, via e-mail, which Plaintiff is informed and
27  believes was drafted by Bhatka, presented Plaintiff with an "Assignment Agreement."
28  Plaintiff is informed and believes the agreement was drafted by Bhatka.

["

1  his intellectual Property rights, Plaintiff also discovered that Defendants had federally

2  registered in EyeShaka's name, trademarks for "Y", "I Y" and "I Y SUP" with

3  Registration Numbers of 85816306, 4399181 and 4500384, respectively.

4       28.   Plaintiff is informed and believes that Defendants intentionally concealed

5  from the U.S.P.T.O. their knowledge of Plaintiff's marks, copyrights and prior use of

6  the "I Y" Design.

7       29.   Despite receiving requests from Plaintiff to cease and desist from

8  infringing on Plaintiff's intellectual property, Defendants continue to willfully sell

9  infringing products featuring the "I Y" Design, including "I Y LA", "I Y SD" and "I

10  Y SUP."

11  **FIRST CAUSE OF ACTION**

12  **(Trademark Infringement under 15 U.S.C. § 1114 against all Defendants)**

13       30.   Plaintiff realleges and incorporates by reference paragraphs 1 through 29

14  above.

15       31.   Defendants, and each of them, have, and are, using in United States

16  commerce a reproduction, counterfeit, copy, colorable or confusingly similar imitation

17  of the registered "I Y LA" mark in connection with the sale, offering for sale,

18  distribution and/or advertising of their products.  Such use is likely to cause confusion,

19  or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114(1).

20       32.   Defendants' unlawful actions have occurred in interstate commerce and

21  are without Plaintiff's permission or consent.

22       33.   Defendants' conduct has irreparably damaged Plaintiff in an amount to

23  be determined at trial, and, unless restrained, will cause irreparable consumer

24  confusion and seriously impair the value of Plaintiff's "I Y LA" mark, and to

25  Plaintiff's brand and goodwill, all of which are critical components of Plaintiff's

26  business.

27       34.   Defendants' had actual knowledge of Plaintiff's ownership rights in the

28  "I Y LA" mark.

7
**COMPLAINT**

1    35.    By consciously disregarding Plaintiff's rights, Defendants acted willfully,

2    intentionally, and in bad faith.  The knowing, intentional and willful nature of the

3    conduct alleged herein further renders this case exceptional under 15 U.S.C. 1117(a).

4                              **SECOND CAUSE OF ACTION**

5    **(Unfair Competition and False Designation of Goods under 15 U.S.C. § 1125**

6                              **against all Defendants)**

7    36.    Plaintiff realleges and incorporates by reference paragraphs 1 through 35

8    above.

9    37.    Defendants are using in the United States a false designation of origin,

10   which is likely to cause confusion or to cause mistake, or to deceive as to the origin of

11   their apparel and/or to cause confusion, mistake or deception as to an affiliation,

12   connection or association to Plaintiff of Defendants and their apparel.

13   38.    Defendants' conduct has irreparably damaged Plaintiff in an amount to

14   be determined at trial, and, unless restrained, will cause irreparable consumer

15   confusion and seriously impair the value of Plaintiff's mark and his brand and

16   goodwill, all of which are critical components of Plaintiff's business.

17   39.    Defendants had actual knowledge of Plaintiff's ownership rights and

18   prior use of the "I Y" Design and the "I Y LA" mark.

19   40.    By consciously disregarding Plaintiff's rights, Defendants acted willfully,

20   intentionally, and in bad faith.  The knowing, intentional and willful nature of the

21   conduct alleged herein further renders this case exceptional under 15 U.S.C. 1117(a).

22                              **THIRD CAUSE OF ACTION**

23   **(Copyright Infringement Under 17 U.S.C. § 101 et seq. against all Defendants)**

24   41.    Plaintiff realleges and incorporates by reference paragraphs 1 through 40

25   above.

26   42.    Through their conduct averred herein, Defendants have infringed

27   Plaintiff's copyrights in violation of 17 U.S.C. sections 106 and 501.

28   43.    Defendants' acts of infringement are willful, intentional and purposeful,

8
**COMPLAINT**

1    in disregard of and with indifference to Plaintiffs' rights.

2         44.    Plaintiff is entitled to statutory damages under 17 U.S.C. section 504.

3         45.    Plaintiff is further entitled to recover his attorneys' fees and full costs of

4    this action pursuant to 17 U.S.C. section 505 and otherwise according to law.

5                  **FOURTH CAUSE OF ACTION**

6    **(Declaratory Judgment of Trademark Invalidity Based on Prior Use and Fraud)**

7         46.    Plaintiff realleges and incorporates by reference paragraphs 1 through 45

8    above.

9         47.    An actual and justiciable controversy exists between Plaintiff and

10    Defendants regarding the use of the "I Y" and "I Y LA" Designs based on the

11    Plaintiff's requests for Defendants to cease and desist from infringing on Plaintiff's

12    intellectual property and Defendants' improper registration of its purported

13    trademarks.

14         48.    Defendants were aware of Plaintiff's prior use of the "I Y" and "I Y"

15    designs in commerce.

16         49.    Plaintiff's trademark rights in the "I Y" Design, and particularly the "I Y

17    LA" iteration were clearly established by Plaintiff's state and federal registrations of

18    the "I Y LA" trademark as well as by Defendants' attempt to purchase an assignment

19    thereof.

20         50.    Plaintiff is informed and believes that Defendants, with knowledge of

21    Plaintiff's rights in, and prior use of, the "Y", "I Y" and "I Y LA" Designs,

22    intentionally failed to disclose such information to the U.S.P.T.O in applying for

23    trademark registration with the actual intent to deceive the U.S.P.T.O. Plaintiff is

24    further informed and believes that the U.S.P.T.O. relied on such false representations

25    in registering Defendants' purported trademarks in the "Y", "I Y" and "I Y SUP"

26    Designs.

27         51.    Plaintiff has been damaged by Defendants' false representations to the

28    U.S.P.T.O.

1    52.    Defendants' federal trademarks are invalid because of Plaintiff's prior

2    use of them, in identical form or near resemblance, in commerce.  Because of

3    Plaintiff's prior use of the "Y", "I Y" and "I Y LA" Designs in commerce, and

4    Defendants' false representations to the U.S.P.T.O, Plaintiff is entitled to a declaratory

5    judgment invalidating Defendants' trademarks.

6                           **FIFTH CAUSE OF ACTION**

7                    **(Attorney Malpractice against Bhatka )**

8    53.    Plaintiff realleges and incorporates by reference paragraphs 1 through 52

9    above.

10   54.    Plaintiff sought legal advice from Bhatka on several occasions regarding

11   his intellectual property rights and disclosed information to Bhatka in confidence.

12   Bhatka provided legal advice to Plaintiff regarding his intellectual property thereby

13   creating a confidential and fiduciary relationship and a duty to use reasonable care.

14   55.    Bhatka breached his duties owed to Plaintiff by selling goods that

15   compete with Plaintiff's business and infringe on Plaintiff's intellectual property,

16   which were the subject matter for which Bhatka was consulted in confidence.  Bhatka

17   also breached his duties owed to Plaintiff by failing to obtain informed consent from

18   Plaintiff regarding Bhatka's conflicts of interest.  Bhtaka's conduct was negligent

19   and/or intentional.

20   56.    As a direct result of Bhatka's negligent and intentional breaches of his

21   duties, Plaintiff has been damaged in amount to be proven at trial.

22   57.    Bhatka's conduct included conduct that was willful, wanton and

23   malicious, and he should be ordered to pay Plaintiff punitive damages.

24                           **SIXTH CAUSE OF ACTION**

25                    **(Breach of Fiduciary Duty against Bhatka )**

26   58.    Plaintiff incorporates by reference paragraphs 1 through 57 as if fully set

27   forth herein.

28   59.    Because Plaintiff consulted with Bhatka and Bhatka provided legal

1   advice, Bhatka owed Plaintiff fiduciary duties.

2        60.    Bhatka breached his duties owed to Plaintiff by selling goods that

3   compete with Plaintiff's business and infringe on Plaintiff's intellectual property,

4   which were the subject matter for which Bhatka was consulted in confidence.  Bhatka

5   also breached his duties owed to Plaintiff by failing to obtain informed consent from

6   Plaintiff regarding Bhatka's conflicts of interest.  Bhtaka's conduct was negligent

7   and/or intentional.

8        61.    As a result of Bhatka's breach of duties owed to Plaintiff, Plaintiff has

9   been damaged in amount according to proof at trial.

10       62.    As a result of Bhatka's breach of fiduciary duties, he obtained unjust

11  profits which should be disgorged.

12       63.    Bhatka's conduct alleged herein was willful, wanton and malicious, and

13  he should be ordered to pay Plaintiff punitive damages.

14  ## SEVENTH CAUSE OF ACTION

15  **(Trademark Infringement under California Business and Professions Code**

16  **section 14245 )**

17       64.    Plaintiff reallges and incorporates by reference paragraphs 1 through 63

18  above.

19       65.    Defendants are engaged in trademark infringement in violation of

20  California Business and Professions Code section 14245.

21       66.    The aforesaid acts of Defendants are likely to cause confusion, mistake,

22  or deception among Plaintiff's customers and potential customers by reason of the fact

23  that customers are likely to believe that the services of Defendants, or any of them, are

24  in some way connected with, approved by, sponsored by, or endorsed by Plaintiff.

25       67.    Defendants conduct has irreparably damaged Plaintiff in an amount to be

26  determined at trial, and, unless restrained, will cause irreparable consumer confusion

27  and seriously impair the value of Plaintiff's mark and his brand and goodwill, all of

28  which are critical components of Plaintiff's business.

11

**COMPLAINT**

**EIGHTH CAUSE OF ACTION**

(Common Law Trademark Infringement)

68.     Plaintiff realleges and incorporates by reference paragraphs 1 through 67 above.

69.     The aforesaid acts of Defendants are likely to cause confusion, mistake, or deception among Plaintiff's customers and potential customers by reason of the fact that customers are likely to believe that the services of Defendants, or any of them, are in some way connected with, approved by, sponsored by, or endorsed by Plaintiff.

70.     Defendants conduct has irreparably damaged Plaintiff in an amount to be determined at trial, and, unless restrained, will cause irreparable consumer confusion and seriously impair the value of Plaintiff's mark, and his brand and goodwill, all of which are critical components of Plaintiff's business.

**NINTH CAUSE OF ACTION**

**(Unfair Competition under California Business and Professions Code section 17200)**

71.     Plaintiff realleges and incorporates by reference paragraphs 1-70 above.

72.     By the acts complained of herein, Defendants are engaged in unfair competition in violation of California Business and Professions Code section 17200.

73.     Defendants conduct is likely to deceive members of the public.

74.     Defendants conduct has irreparably damaged Plaintiff and the public, and, unless restrained, will cause irreparable consumer confusion and seriously impair the value of Plaintiff's "I Y LA" mark, and his brand and goodwill, all of which are critical components of Plaintiff's business.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1.     That Defendants, their agents, servants, employees, franchisees, licensees, distributors, attorneys, and all others in active concert or participation with Defendants, be enjoined and restrained, during the pendency of this action and

12

**COMPLAINT**

1  permanently thereafter, from:

2      a. Using the "I Y LA" mark, or any other mark and/or name so similar to

3         the "I Y LA" mark, including any mark and/or name that includes "I Y"

4         in conjunction with any other word or phrase, and/or any other mark

5         and/or name which may create a likelihood of confusion, mistake or

6         deception in connection with the advertising, promoting, offering for sale

7         of any product or service;

8      b. Doing any other act or thing likely to or calculated to induce the belief

9         that Defendants, or any of them, are, or that the business products or

10        services of Defendants, or any of them, are, in any way authorized by,

11        affiliated, connected, or associated with Plaintiff or Plaintiff's business,

12        products, or services.

13     2.    That Defendants, their agents, servants, employees, franchisees,

14 licensees, and attorneys, and all others in active concert or participation with

15 Defendants, or any of them, be required in accordance with 15 U.S.C. section 1118 to

16 deliver up for destruction all products, labels, signs, prints, packages, wrappers, and

17 advertisements in their possession employing the "I Y LA" mark and/or any other

18 confusingly similar marks, including using any name and/or mark that uses "I Y" in

19 conjunction with any other word or phrase.

20     3.    That Defendants be required in accordance with 15 U.S.C. section 1116

21 to file with the Court and serve on Plaintiff a report in writing under oath setting forth

22 in detail the manner and form in which Defendants have complied with the terms of

23 the injunction referenced in Paragraphs 1-2 above.

24     4.    That Plaintiff recover his damages and/or Defendants profits earned by

25 reason of Defendants' unlawful acts alleged herein, and that such amounts be trebled

26 to the extent permitted by law.

27     5.    That Plaintiff shall be entitled to disgorge Defendants profits and/or

28 recover other restitutionary relief, to the extent provided by law.

6.    That Defendants be ordered to pay punitive damages by reason of Defendants willful, malicious and bad faith conduct alleged herein.

7.    That Defendants be required to pay Plaintiff the costs of this action, together with reasonable attorneys' fees as permitted by law.

8.    That a declaratory judgment issue ordering that Defendants' trademarks Nos. 85816306, 4399181 and 4500384 are invalid.

9.    For such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: August 12, 2014                    DWIN LEGAL

By: _____
Evan Dwin
edwin@dwinlegal.com
Attorney for plaintiff PETER PARIS

# EXHIBIT A



## State of California
## Secretary of State

### REGISTRATION OF TRADEMARK OR SERVICE MARK
Pursuant to Business and Professions Code Section 14207
IMPORTANT — Read instructions before completing this form.

REGISTRATION APPLICATION FOR: ☒ TRADEMARK ☐ SERVICE MARK

**1. REGISTRANT NAME** Peter Paris

**2. BUSINESS ADDRESS** 615 6th Ave

CITY AND STATE Venice, CA

ZIP CODE 90291

**3. BUSINESS STRUCTURE (Check One)**

☐ CORPORATION (State of Incorporation) _____

☐ LIMITED LIABILITY COMPANY (State of Organization) _____

☐ LIMITED PARTNERSHIP (State of Organization) _____

☐ GENERAL PARTNERSHIP (State of Organization) _____

☒ SOLE PROPRIETOR

☐ SPOUSES, AS COMMUNITY PROPERTY

☐ DOMESTIC PARTNERS, AS COMMUNITY PROPERTY

☐ OTHER (Describe) _____

**4. NAMES AND/OR DESIGN OF GENERAL PARTNERS, IF REGISTRANT IS A PARTNERSHIP**
N/A

**5. NAME AND/OR DESIGN OF MARK. (For design, provide a brief written description that can be pictured in the mind without reference to the specimen. Do not draw the design on the application. Attach a drawing of the mark.)**

The design consists of the stylized text "ILA" with a hand that gestures as the sign language letter "y" between the "I" and the "LA".

**6. DISCLAIMER (If Applicable) NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE THE TERM:**
N/A

**7a. DATE THE MARK WAS FIRST USED IN CALIFORNIA**
Jan 11, 2009

**7b. DATE THE MARK WAS FIRST USED ANYWHERE**
Jan 11, 2009

**8a. IF A TRADEMARK, LIST SPECIFIC GOODS. IF A SERVICE MARK, LIST SPECIFIC SERVICE.**
T-shirts

THIS SPACE FOR FILING OFFICER USE
TRADE/SERVICE MARK

REG. NO. 0113738

CLASS NO.(S) 25

### FILED
In the office of the Secretary of State
of the State of California

JUN 16 2009

**8b. CLASS NUMBER(S)** 025

**9. RETURN ACKNOWLEDGMENT TO: (Type or Print)**

NAME ⌈ Peter Paris

ADDRESS 615 6th Ave

CITY/STATE/ZIP ⌊ Venice, CA 90291 ⌋

FILING FEE: $70.00 PER CLASSIFICATION

SOS/STATE TM 100 (REV. 07/08)

# State of California
## Secretary of State

### CERTIFICATE OF RENEWAL OF TRADEMARK

*I, DEBRA BOWEN,* Secretary of State of the State of California, hereby certify:

| | |
|---|---|
| Trademark Reg. No.: | 113738 |
| Renewal No.: | 20061 |
| Name of Registrant: | Peter Paris |
| Business Address: | 655 Navy St., Santa Monica, CA 10405 |
| Date First Used in California: | January 11, 2009 |
| Date First Used Anywhere: | January 11, 2009 |
| Description of Trademark: | "I Y LA" the design consists of the stylized text " I LA" with a hand that gestures as the sign language letter "Y" between the "i" and the "LA |

| | |
|---|---|
| Description of Goods on which the Trademark is Used: | T-shirts |
| Class Number(s): | 25 |
| Date of Registration: | June 16, 2009 |
| Term of Registration Extends to and Includes: | June 16, 2019 |

In accordance with the application for renewal filed in this office, the Trademark described above has been duly renewed.

IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this 21st day of February 2014



**DEBRA BOWEN**
**Secretary of State**

NP-25 (REV 1/2007)                         OSP 06 93731

# EXHIBIT B

# United States of America
## United States Patent and Trademark Office



**Reg. No. 3,730,902**
Registered Dec. 29, 2009

**Int. Cl.: 41**

**SERVICE MARK**
**PRINCIPAL REGISTER**

PARIS, PETER (UNITED STATES INDIVIDUAL)
615 6TH AVENUE
VENICE, CA 90291

FOR: INSTRUCTION IN THE FIELD OF SURFING, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 1-11-2009; IN COMMERCE 3-30-2009.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LA", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE STYLIZED TEXT "I LA" WITH A HAND GESTURE BETWEEN THE "I" AND "LA". THE HAND GESTURES AS A "SHAKA" AND RESEMBLES THE SIGN LANGUAGE LETTER "Y".

SER. NO. 77-730,805, FILED 5-6-2009.

STEVEN R. FINE, EXAMINING ATTORNEY



*David J. Kappos*

Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office

# EXHIBIT C

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number:

**VAu 986-472**

Effective date of registration:

April 20, 2009

### Title ────────────────────

Title of Work: I Surf LA
Previous or Alternative Title: I Surf OC

### Completion/ Publication ────────

Year of Completion: 2009

### Author ──────────────────

Author: Peter Paris

Author Created: 2-D artwork

Citizen of: United States

### Copyright claimant ──────────

Copyright Claimant: Peter Paris

615 6th ave, venice, CA. 90291

### Rights and Permissions ────────

Name: Peter Paris

Email: pete.paris@gmail.com         Telephone: 310-428-9870

Address: 615 6th ave

venice, CA 90291

### Certification ─────────────

Name: Peter Paris

Date: April 20, 2009

Correspondence: Yes

Page 1 of 1



# COPY OF E-FILE DEPOSIT

# VAu 986-472



# EXHIBIT D

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VAu 986-518

**Effective date of registration:**

April 23, 2009

---

## Title

Title of Work: Rockashaka

## Completion/ Publication

Year of Completion: 2009

## Author

■  Author: Peter Paris

Author Created: 2-D artwork

Citizen of: United States

## Copyright claimant

Copyright Claimant: Peter Paris

615 6th ave, venice, CA, 90291

## Limitation of copyright claim

Material excluded from this claim: 2-D artwork

New material included in claim: 2-D artwork

## Rights and Permissions

Name: Peter Paris

Email: pete.paris@gmail.com          Telephone: 310-428-9870

Address: 615 6th ave

venice, CA 90291

## Certification

Name: Peter Paris

Date: April 23, 2009



# COPY OF E-FILE DEPOSIT

# VAu 986-518



ORIGINAL

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Central District of California

| | |
|---|---|
| PETER PARIS, an individual, | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| | ) Civil Action No. |
| EYESHAKA, LLC, a California limited liability | ) |
| company; PALAK BHATKA, an individual; JUSTIN | ) |
| NOVAK, an individual; and CUSHMAN GILLEN, an | ) |
| individual, | ) |
| _Defendant(s)_ | ) |

Civil Action No.

**CV14-06332-R(JCx)**

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  EYESHAKA, LLC, a California limited liability company, PALAK BHATKA, an individual, JUSTIN NOVAK, an individual; and CUSHMAN GILLEN, an individual

## BY FAX

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Evan Dwin
Dwin Legal
2173 Salk Avenue, Suite 250
Carlsbad, CA 92008

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _8/12/2014_

Signature of Clerk or Deputy Clerk

1202

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                        *Server's signature*

                                             _____
                                                        *Printed name and title*


                                             _____
                                                        *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [ ] )

Peter Paris, an individual.

**DEFENDANTS** ( Check box if you are representing yourself [ ] )

Eyeshaka, LLC, a California limited liability company, Palak Bhatka, an individual, Justin Novak, an individual and Cushman Gillon, an individual

**(b)** County of Residence of First Listed Plaintiff   Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Dwin Legal, Evan Dwin (Cal. Bar No. 241027)
2175 Salk Avenue, Suite 250
Carlsbad, CA 92008
(858) 480-9785

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

1. U.S. Government Plaintiff [ ]
[X] 3. Federal Question (U.S. Government Not a Party)
2. U.S. Government Defendant [ ]
4. Diversity (Indicate Citizenship of Parties in Item III) [ ]

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)
[X] 1. Original Proceeding
[ ] 2. Removed from State Court
[ ] 3. Remanded from Appellate Court
[ ] 4. Reinstated or Reopened
[ ] 5. Transferred from Another District (Specify)
[ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No    [X] MONEY DEMANDED IN COMPLAINT: $ Proven at Trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
1) Trademark Infringement (15 U.S.C. s 1114); 2) Unfair Competition (15 U.S.C. s 1125); 3) Copyright Infringement (17 U.S.C. s 106); 4) Attorney Malpractice; 5) Breach of Fiduciary Duty; 6) California Trademark Infringement; 7) Common Law Trademark Infringement; 8) California Unfair Competition; 9) Declaratory Judgment.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| 375 False Claims Act | 110 Insurance | 240 Torts to Land | 462 Naturalization Application | Habeas Corpus: | 820 Copyrights |
| 400 State Reapportionment | 120 Marine | 245 Tort Product Liability | 465 Other Immigration Actions | 463 Alien Detainee | 830 Patent |
| 410 Antitrust | 130 Miller Act | 290 All Other Real Property | **TORTS** | 510 Motions to Vacate Sentence | [X] 840 Trademark |
| 430 Banks and Banking | 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | 530 General | **SOCIAL SECURITY** |
| 450 Commerce/ICC Rates/Etc. | 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | 370 Other Fraud | 535 Death Penalty | 861 HIA (1395ff) |
| 460 Deportation | | 310 Airplane | 371 Truth in Lending | **Other:** | 862 Black Lung (923) |
| 470 Racketeer Influenced & Corrupt Org. | 151 Medicare Act | 315 Airplane Product Liability | 380 Other Personal Property Damage | 540 Mandamus/Other | 863 DIWC/DIWW (405 (g)) |
| 480 Consumer Credit | 152 Recovery of Defaulted Student Loan (Excl. Vet.) | 320 Assault, Libel & Slander | 385 Property Damage Product Liability | 550 Civil Rights | 864 SSID Title XVI |
| 490 Cable/Sat TV | | 330 Fed. Employers' Liability | **BANKRUPTCY** | 555 Prison Condition | 865 RSI (405 (g)) |
| 850 Securities/Commodities/Exchange | 153 Recovery of Overpayment of Vet. Benefits | 340 Marine | 422 Appeal 28 USC 158 | 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| 890 Other Statutory Actions | 160 Stockholders' Suits | 345 Marine Product Liability | 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | 870 Taxes (U.S. Plaintiff or Defendant) |
| 891 Agricultural Acts | 190 Other Contract | 350 Motor Vehicle | **CIVIL RIGHTS** | 625 Drug Related Seizure of Property 21 USC 881 | 871 IRS-Third Party 26 USC 7609 |
| 893 Environmental Matters | 195 Contract Product Liability | 355 Motor Vehicle Product Liability | 440 Other Civil Rights | 690 Other | |
| 895 Freedom of Info. Act | 196 Franchise | 360 Other Personal Injury | 441 Voting | **LABOR** | |
| 896 Arbitration | **REAL PROPERTY** | 362 Personal Injury-Med Malpractice | 442 Employment | 710 Fair Labor Standards Act | |
| | 210 Land Condemnation | 365 Personal Injury-Product Liability | 443 Housing/Accommodations | 720 Labor/Mgmt. Relations | |
| 899 Admin. Procedures Act/Review of Appeal of Agency Decision | 220 Foreclosure | 367 Health Care/Pharmaceutical Personal Injury Product Liability | 445 American with Disabilities-Employment | 740 Railway Labor Act | |
| 950 Constitutionality of State Statutes | 230 Rent Lease & Ejectment | 368 Asbestos Personal Injury Product Liability | 446 American with Disabilities-Other | 751 Family and Medical Leave Act | |
| | | | 448 Education | 790 Other Labor Litigation | |
| | | | | 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:   Case Number: **CV14-06332**

CV-71 (06/14)   CIVIL COVER SHEET   Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes   ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br><br>☐ Yes   ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.<br><br>☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.<br><br>☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br><br>☐ Yes   ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.<br><br>☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.<br><br>☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs* who reside in this district reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants* who reside in this district reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes   ☒ No | ☐ Yes   ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right.  ➡ | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below.  ⬇ |

| QUESTION E:  Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above:  ➡ | WESTERN |

| QUESTION F:  Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes   ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

IX(a). IDENTICAL CASES: Has this action been previously filed in this court?    ☒ NO    ☐ YES

If yes, list case number(s):

IX(b). RELATED CASES: Is this case related (as defined below) to any cases previously filed in this court?    ☒ NO    ☐ YES

If yes, list case number(s):

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**                          DATE:  8-12-14

Notice to Counsel/Parties: The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |